UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| VICTOR B. PERKINS,<br><br>        Petitioner,<br>v.<br><br>ERIC HOLDER, USAG,<br><br>        Respondent. | Civil No. 13-2874 (PAM/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.)[1] The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[2]

**I. BACKGROUND**

Petitioner is a civilly committed inmate at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester"). Petitioner has appeared before this Court in several

---

[1] Petitioner filed his petition in the Eastern District of North Carolina, but the case was transferred to this District because Petitioner was (and still is) confined in Minnesota. (See Order dated October 18, 2013, [Docket No. 7].)

[2] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

previous actions, including two prior § 2241 habeas corpus cases that were filed in 2011: Perkins v. Jett, No. 11-326 (PAM/FLN) and Perkins v. Jett, 11-1730 (PAM/FLN), (hereafter referred to collectively as "the 2011 habeas cases").[3]

The 2011 habeas cases were dismissed based on a single Report and Recommendation ("R&R") that addressed both cases together. In that R&R, the Court reported that Petitioner was civilly committed in 1992 in the Eastern District of North Carolina. He was committed under 18 U.S.C. § 4246, as a person due for release but suffering from a mental disease or defect. (See United States v. Perkins, 5:92-hc-654-BR, Doc. No. 1 (E.D. N.C. Dec. 9, 2010).) Since 1992, Petitioner has been in and out of custody, and he has filed at least seven § 2255 motions (in the Eastern District of North Carolina), challenging his civil commitment on both statutory and constitutional grounds.

The R&R in the 2011 habeas cases also reported that Petitioner's ongoing civil commitment had been challenged in a hearing held in the Eastern District of North Carolina on October 3, 2011. Petitioner appeared at the hearing by video teleconference and was represented by counsel. Following that hearing, the presiding District Court Judge found that Petitioner still met the statutory criteria for commitment, and Petitioner was therefore ordered to remain in custody. As noted above, Petitioner is currently being detained at FMC-Rochester.

Petitioner's 2011 habeas cases presented seven identifiable grounds for relief, which the Court described as follows:

---

[3] Petitioner filed an earlier habeas corpus petition in this District in 2009, but that case was immediately transferred to the district court for the district in which Petitioner was then confined. See Perkins v. United States, Civil No. 09-2931 (PAM/FLN).

> "Perkins claims that 18 U.S.C. § 4246 is unconstitutional because it: (1) gives 'undue sentencing authority' to doctors, (2) provides no sentencing guidelines for someone that has violated the terms of their conditional release, (3) violates his 'First Amendment rights to liberty;' (4) denies Perkins equal protection of the laws because it allowed a heroin addict known to Perkins to be treated differently than Perkins (who was caught using marijuana while on conditional release).... In addition, Perkins claims that: (5) his due process rights were violated when his conditional release was revoked without a hearing under 18 U.S.C. 4246(f), (6) his doctors have misinterpreted 18 U.S.C. § 4246(d), and (7) his probation officer overstepped his authority and violated 18 U.S.C. § 4246(f) by reporting Perkins's violation of the conditions of his release."[4]

The Court reviewed all of the claims presented in both of the 2011 habeas cases, and recommended that both cases should be dismissed. Petitioner filed objections to that recommendation, but the presiding District Court Judge overruled those objections, adopted the R&R, and ordered that both of the 2011 habeas cases be dismissed <u>with prejudice</u>. See Perkins v. Jett, Civil No. 11-326 (PAM/FLN), Order of District Court Judge Paul A. Magnuson, dated November 29, 2011, [Docket No.35].) Petitioner did not appeal that ruling.

Petitioner's current § 2241 habeas corpus petition challenges his civil commitment once again. Petitioner presently claims that --

(1) his conditional release was "wrongfully revoked" in May 2010;

(2) his First Amendment rights were violated, because he was denied an unconditional release from confinement after being "wrongfully diagnosed... as suffering from grandiose religious based delusions."

(3) he is "being held unconstitutionally indefinitely due to misinterpretation of Title

---

[4] This description of the claims presented in the 2011 habeas cases is set forth in the joint R&R in those cases. See Perkins v. Jett, No. 11-326 (PAM/FLN), R&R filed November 1, 2011, [Docket No. 28], pp. 2-3.

3

18 U.S.C. 4246(d);" and

(4) he was "wrongfully committed due to the circumstances that there are no guidelines such as parole and probation guidelines to direct the term of imprisonment to be serve[d] by the individuals whom [sic] violate the conditions of their conditional release." (Petitioner's Memorandum in Support of Petition, [Docket No. 1-1], pp. 1-3.)

The Court finds that Petitioner's current habeas corpus petition must be summarily dismissed, because it is barred by 28 U.S.C. § 2244(a) and the "abuse of the writ" doctrine.

## II. DISCUSSION

28 U.S.C. § 2244(a) states that:

"No circuit or district court judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."

This statute prohibits federal detainees from filing "successive" habeas petitions – i.e., petitions that seek to re-raise claims that have already been raised and adjudicated in a prior habeas proceeding. See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) (habeas petition presenting claims that had been adjudicated on the merits in a prior habeas case was a "successive petition" barred by § 2244(a)); Stanko v. Davis, 617 F.3d 1262, 1270 (10th Cir. 2010) (district court properly relied on § 2244(a) to dismiss habeas claims that had been decided in a previous habeas case); Graham v. Warden of FCI Allenwood, 348 Fed.Appx. 706, 707 (3rd Cir. 2009) (unpublished opinion) (second habeas petition need not be considered, because the relief requested was denied in a previous habeas case).

The abuse of the writ doctrine prohibits federal detainees from filing "abusive" habeas petitions, which are petitions that seek to raise new claims that <u>could have been</u> raised in a prior habeas proceeding. Phelps v. U.S. Government, 15 F.3d 735, 737-38 (8th Cir.), cert. denied, 511 U.S. 1114 (1994). See also Queen v. Miner, 530 F.3d 253, 255 (3rd Cir. 2008) ("the abuse-of-the-writ doctrine applies to section 2241 petitions; thus, a petitioner may not raise new claims that could have been resolved in a previous action"); Boardley v. Grondolsky, 343 Fed.Appx. 837, 839-40 (3rd Cir. 2009) (unpublished opinion) ("[t]he Supreme Court has held that the abuse of writ doctrine precludes inmates from relitigating the same issues in subsequent petitions or from raising new issues that could have been raised in an earlier petition") (citing McCleskey v. Zant, 499 U.S. 467, 489 (1991)); Verner v. Attorney General, 190 Fed.Appx. 592, 593 (10th Cir. 2006) (unpublished opinion) ("[a] district court properly dismisses a § 2241 petition as successive if a federal court has previously determined the validity of the petitioner's detention in a prior proceeding and no new claim is raised, or a new claim is raised that could have been raised previously, and the petitioner fails to demonstrate cause and prejudice or a fundamental miscarriage of justice").[5]

---

[5] "The terms 'successive petition' and 'abuse of the writ' have distinct meanings. A 'successive petition' raises grounds identical to those raised and rejected on the merits on a prior petition.... The concept of 'abuse of the writ' is founded on the equitable nature of habeas corpus. Thus, where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that 'disentitles him to the relief he seeks,' the federal court may dismiss the subsequent petition on the ground that the prisoner has abused the writ."

Kuhlmann v. Wilson, 477 U.S. 436, 444, n. 6 (1986) (plurality opinion), citing and quoting

The petitioner in Phelps, supra, like the instant Petitioner, was an inmate at FMC-Rochester. Phelps had previously filed a § 2241 habeas corpus petition in California that was denied on the merits, and he then filed another petition in Minnesota. The latter petition was found to be an abuse of the writ, because the claims that Phelps was attempting to raise could have been presented in his first habeas petition. The district court judge dismissed Phelps's new § 2241 habeas corpus petition, citing § 2244(a) and the abuse of the writ doctrine. Phelps, 15 F.3d at 737. The Eighth Circuit Court of Appeals agreed that Phelps's new habeas petition was abusive, and upheld the District Court's order dismissing the petition as an abuse of the writ. Id. at 738.

Here, as in Phelps, Petitioner is attempting to challenge his continuing confinement at FMC-Rochester based on claims that were raised, or could have been raised, in a prior § 2241 habeas proceeding – namely Petitioner's 2011 habeas cases.

In the first claim raised in the current petition, Petitioner contends that his conditional release was wrongly revoked in 2010, because he was not given an adequate hearing. This claim is indistinguishable from the claim identified as ground five in the 2011 habeas

---

Sanders v. Untied States, 373 U.S. 1, 15-17, 17-19 (1963).

Following the enactment of the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), some federal courts have found that § 2244(a) has effectively subsumed the abuse of the writ doctrine. See e.g., Dietz v. U.S. Parole Commission, 260 Fed.Appx. 763, 766, n. 3 (6th Cir. 2008) (unpublished opinion) ("[a]lthough 'abuse of the writ' is generally viewed as a pre-AEDPA standard, courts have applied this equitable principle to habeas petitions brought under § 2241 due to the discretion allowed by 28 U.S.C. § 2244(a)"). Other courts have found that the common law abuse of the writ doctrine remains apposite, and effectively supplements § 2244(a)'s restrictions on "successive" habeas petitions. See e.g., Queen and Boardley, cited in the text. Although the courts have not always followed the same reasoning, they have consistently concluded that federal detainees are barred from bringing claims that were, or could have been, raised in a prior § 2241 habeas petition.

6

cases. The claim has already been rejected on the merits once before in the 2011 habeas cases,[6] so it must be denied here pursuant to § 2244(a).

Petitioner's second ground for relief – that he was deprived of his First Amendment right of religious freedom – was also raised and rejected in the 2011 habeas cases. See Perkins v. Jett, Civil No. 11-326 (PAM/FLN), Order of District Court Judge Paul A. Magnuson, dated November 29, 2011, [Docket No.35], at p. 4 ("Petitioner has no First Amendment claim"). The Court recognizes that Petitioner's current description of his First Amendment claim refers to the denial of his bid for "an unconditional release from confinement in May 2012," (Petitioner's Memorandum in Support of Petition, [Docket No. 1-1], p. 2), which would have occurred after the 2011 habeas cases were decided. However, Petitioner's current argument is essentially the same as the First Amendment argument that he raised in the 2011 habeas cases. Both then and now, Petitioner has claimed that he is being wrongly kept in custody because of his religious beliefs. But that claim was squarely rejected in the 2011 habeas cases. Judge Magnuson plainly stated that "Petitioner is committed based on Judge Britt's determination that he was a danger to society under § 4246, not on the basis of Petitioner's religious beliefs." Perkins v. Jett, Civil No. 11-326 (PAM/FLN), Order of District Court Judge Paul A. Magnuson, dated November

---

[6] The order adopting the R&R in the 2011 cases includes the following passage:

"Petitioner makes the contention that he did not receive a hearing under § 4246 after his conditional release was revoked. There is no evidence in the record to support this contention, however, as Judge Britt did hold a hearing to determine whether Petitioner had violated the terms of his conditional release. This contention is likewise without merit."

Perkins v. Jett, Civil No. 11-326 (PAM/FLN), Order of District Court Judge Paul A. Magnuson, dated November 29, 2011, [Docket No.35], p. 3.)

7

29, 2011, [Docket No.35], p. 4.

Petitioner's third ground for relief is very difficult to decipher. As far as the Court can tell, Petitioner is claiming that 18 U.S.C. § 4246(d) does not authorize "indefinite civil commitment." This claim does not appear to match any of the seven claims identified in the 2011 habeas cases. However, this apparent "new claim" must be summarily dismissed as an abuse of the writ, because <u>it could have been raised</u> in the 2011 habeas cases, and Petitioner has offered no cause or reason for his failure to do so. See <u>Phelps</u>, 15 F.3d at 738 (habeas petitioner's "ignorance of the law is not 'cause' to excuse his abuse of the writ," and his "mental problems do not constitute cause for his failure to include [his new] claims in his previous petitions").[7]

Finally, the fourth ground for relief listed in the current petition is the same as the second ground identified in the 2011 cases. In the 2011 cases Petitioner argued that 18 U.S.C. 4246 is unconstitutional, because the statute provides no guidelines for determining how long a civilly committed detainee should be re-confined upon the revocation of his conditional release. That claim previously was denied on the merits. <u>Perkins v. Jett</u>, Civil No. 11-326 (PAM/FLN), Order of District Court Judge Paul A. Magnuson, dated November 29, 2011, [Docket No.35], pp. 3-4. Therefore, Petitioner's current reiteration of that claim must be summarily denied pursuant to 28 U.S.C. § 2244(a).

---

[7] In any event, Petitioner's third ground for relief is doubtlessly without merit. See <u>United States v. Stone</u>, 529 Fed.Appx. 800, 801 (8th Cir. 2013) (<u>per curiam</u>) (unpublished opinion) ("18 U.S.C. § 4246... provides for a person's <u>indefinite commitment</u> to the custody of the Attorney General for hospitalization and treatment in a suitable facility, unless state placement is available, if the person is found—by clear and convincing evidence after a hearing—to be suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another") (emphasis added).

8

## III. CONCLUSION

In sum, all of the claims presented in Petitioner's current habeas corpus petition were raised, or could have been raised, in the 2011 habeas cases. Therefore, the present petition must be summarily dismissed pursuant to § 2244(a) and the abuse of the writ doctrine.

Having determined that this action must be summarily dismissed, the Court will further recommend that Petitioner's pending application to proceed in forma pauperis, ("IFP"), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained). It is likewise recommended that Petitioner's three anomalous motions for summary judgment, (Docket Nos. 3, 9 and 12), and his motion seeking class action status, (Docket No. 6), should be summarily denied.[8]

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

3. Petitioner's motion seeking class action status, (Docket No. 6), be **DENIED**;

---

[8] The Court notes that pro se litigants can never represent the rights, claims and interests of other parties in a class action lawsuit (or otherwise). See Fymbo v. State Farm Fire and Casualty Company, 213 F.3d 1320, 1321 (10th Cir. 2000) (district court properly denied pro se plaintiff's request for class certification, "because the competence of a layman is 'clearly too limited to allow him to risk the rights of others'") (quoting Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)).

4. Petitioner's three pending motions for summary judgment, (Docket Nos. 3, 9 and 12), be **DENIED**; and

5. This action be summarily **DISMISSED**.

Dated: February 12 , 2014

                                                     *s/Franklin L. Noel*
                                                    FRANKLIN L. NOEL
                                                    United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before February 26, 2014, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.