UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Victor B. Perkins,    Civ. No. 13-2874 (PAM/FLN)

          Petitioner,

v.    **MEMORANDUM AND ORDER**

Eric Holder, USAG,

          Respondent.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel dated February 12, 2014. In the R&R, Magistrate Judge Noel recommends denying Petitioner's application for a writ of habeas corpus, denying the application to proceed in forma pauperis, denying Petitioner's three pending Motions for Summary Judgment, and summarily dismissing this matter as successive under 28 U.S.C. § 2244(a). Petitioner filed timely objections to the R&R.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

This is the latest in a series of lawsuits, both civil and under the habeas corpus statutory scheme, in which Petitioner has attempted to challenge the legality of his civil commitment. As Magistrate Judge Noel noted, Petitioner brought two habeas corpus actions in this Court in 2011, raising similar claims to those he raises here. Petitioner has also filed

no fewer than seven § 2255 actions in the Eastern District of North Carolina, the court that ordered his civil commitment in the first instance.

In his objections, Petitioner asks the Court not to dismiss his case because he contends that he has no other avenue to challenge his civil commitment. But Petitioner has already repeatedly challenged that commitment, and those challenges have been rejected. Petitioner is not entitled to a successful challenge, but merely a way to challenge his commitment. He has availed himself of that remedy and cannot now complain about the result.

Moreover, the civil commitment statute itself provides that civilly committed individuals may challenge their commitment, either through habeas corpus or through a motion for a hearing to determine whether discharge is appropriate. 18 U.S.C. § 4247(g) and (h). As noted, Petitioner has challenged his commitment with seven different writs of habeas corpus. He cannot establish that he has no avenue by which to challenge his continued commitment.

Finally, and as Magistrate Judge Noel found, this action constitutes abuse of the writ. All of the claims he raises were or could have been raised in his previous actions. Thus, under § 2244(a), they are successive claims and must be summarily dismissed.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Petitioner's application for a writ of habeas corpus (Docket No. 1) is **DENIED**;

2. Petitioner's application for leave to proceed in forma pauperis (Docket No. 2) is **DENIED**;

3. Petitioner's Motion seeking class action status (Docket No. 6) is **DENIED**;

4. Petitioner's Motions for Summary Judgment (Docket Nos. 3, 9 and 12) are **DENIED**; and

5. This action is summarily **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 26, 2014

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge